UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　Plaintiff/Respondent,<br><br>　　v.<br><br>HIPOLITO GONZALES-GUZMAN<br><br>　　Defendant/Petitioner. | NO. CR-04-154-EFS<br>NO. CV-07-133-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR TIME REDUCTION BY AN INMATE IN FEDERAL CUSTODY** |

Before the Court, without oral argument, is *pro se* Petitioner Hipolito Gonzales-Guzman's Motion for Time Reduction by an Inmate in Federal Custody. (Ct. Rec. 50.) After reviewing the submitted material, the Court is fully informed and denies Petitioner's motion. The reasons for the Court's Order are set forth below.

## I. Background

Between 1999 and 2004, Petitioner was convicted of five different drug charges and deported on three separate occasions. On August 10, 2004, Petitioner was indicted in the Eastern District of Washington for Re-entry into the United States after Deportation, in violation of 8 U.S.C. § 1326. (Ct. Rec. 1.) Petitioner plead guilty to the indictment on July 21, 2005, and was sentenced to sixty (60) months

ORDER * 1

imprisonment on November 15, 2005. (Ct. Rec. 21.) The Ninth Circuit affirmed Petitioner's sentence on July 26, 2006. (Ct. Rec. 48.) On April 30, 2007, Petitioner filed this section 2255 Motion for Time Reduction by an Inmate in Federal Custody. (Ct. Rec. 50.)

## II. DISCUSSION

**1. Legal Standard - 28 U.S.C. § 2255**

Under section 2255, a court must vacate and set aside a judgment and discharge the prisoner, or resentence the prisoner, or grant a new trial, or correct the sentence, if the court finds any one of the following: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255.

A district court must grant a hearing to determine the validity of a petition brought under Section 2255 "unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotations omitted).

To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id*. Mere conclusory statements in a section 2255 motion are insufficient

to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). The choice of method for handling a Section 2255 motion is left to the discretion of the district court. *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (citations omitted).

**2. Equal Protection Violation**

Petitioner argues his sentence unconstitutionally discriminates against him based on his national origin as an alien because, unlike United States citizens, he may not participate in a half-way-house-drug program that permits a one-year sentence reduction. (Ct. Rec. 50 at 2.) The Government responds that a section 2255 petitioner cannot challenge non-constitutional sentencing errors if such errors were not challenged in an earlier proceeding. (Ct. Rec. 52 at 7.)

The Ninth Circuit has unequivocally held that the denial of benefits such as drug programs and pre-release custody to deportable aliens pursuant to immigration detainers does not violate the Constitution as such exclusions are "rationally related to the [Bureau of Prison's] legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs." *McLean v. Crabtree,* 173 F.3d 1176, 1186 (9th Cir. 1999). The Seventh Circuit has held that departures based on alien status are appropriate only if that status "lead[s] to conditions of confinement, or other incidents of punishment, that are substantially more onerous than the framers of the guidelines contemplated in fixing the punishment range for the defendant's offense." *United States v. Guzman,* 236 F.3d 830, 834 (7th Cir. 2001).

Here, Petitioner's disparate treatment claim is unsuccessful because the Bureau of Prisons has a legitimate interest in preventing deportable

alien prisoners from fleeing while in half-way houses and Petitioner fails to cite either law or facts demonstrating his conditions are "substantially more onerous than the framers of the guidelines contemplated." *Id.* Accordingly, case law and the record conclusively show that Petitioner is entitled to no relief.

**3. Two-Level Deduction for Accepting Final Deportation Order**

Petitioner contends the United States Attorney can offer a two-level deduction if Petitioner accepts a final deportation order. (Ct. Rec. 50 at 1.) The Government responds it discontinued the two-level deduction program because the Government no longer receives a benefit for Petitioner's concession. (Ct. Rec. 52 at 7.)

On April 28, 1995, Attorney General Janet Reno issued a memorandum allowing prosecutors to recommend a one (1) or two (2)-level downward departure from the sentencing guidelines range in return for the alien's concession of deportability and agreement to accept a final order of deportation. The program's purpose was to save the Immigration and Naturalization Service ("INS") from spending time and money to detain illegal aliens pending their deportation hearings. Over the next several years, however, case law and statutes developed to streamline the deportation procedure. Specifically, INS was allowed to remove aliens whose prior orders had been reinstated at any time after the reentry without further administrative proceedings. While the Ninth Circuit initially expressed due process concerns, it recently held that "[r]einstatement of a prior removal order - regardless of the process afforded in the underlying order - does not offend due process because reinstatement of a prior order does not change the alien's rights or

ORDER * 4

remedies." *Morales-Izquierdo v. Gonzales,* 486 F.3d 484, 497 (9th Cir. 2007).

Here, the United States Attorney's Office for the Eastern District of Washington discontinued the two-level deduction program in 1997 because the streamlined deportation procedures made the program unnecessary. And as the Government correctly states, there is no constitutional right to plea bargain. *Weatherford v. Bursey,* 429 U.S. 545, 561 (1977). Accordingly, the Government's decision not to seek a two-level deduction for a discontinued program is not grounds for a hearing.

## III. Conclusion

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Time Reduction by an Inmate in Federal Custody **(Ct. Rec. 50)** is **DENIED;**

2. The criminal file and its civil companion case shall be closed.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to Respondent's counsel and Petitioner.

**DATED** this ___16th___ day of October 2007.


                     S/ Edward F. Shea
                     EDWARD F. SHEA
                United States District Judge


Q:\Criminal\2004\154.Guzman.2255.wpd

ORDER * 5